**EXHIBIT**

**A**

## IN THE COURT OF COMMON PLEAS OF HIGHLAND COUNTY OHIO

Derrick L. Beverly
1103 Kunz Ave
Middletown, Ohio 45044

Plaintiff,

v

HIGHLAND COUNTY CHILD SUPPORT
ENFORCEMENT AGENCY (CSEA)
1575 N HIGH ST, SUTIE # 100
HILLSBORO, OHIO 45133-9442

Defendant,

[
[
[
[ FILED
COMMON PLEAS COURT
HIGHLAND COUNTY, OHIO
[
MAY 2 8 2025
[
[
HIGHLAND COUNTY CLERK OF COURTS
[
[
[
[
[
[
[
[
[
[
[
[

CASE NO 25CU51

JUDGE_____

[ COMPLAINT FOR COMPENSATORY
AND PUNITIVE DAMAGES ]

[Complaint for derivation of Rights ]
U.S.C 42 : 1983

[ Violation of due process]
U.S.C. 42 :1983

## INTRODUCTION

1. Plaintiff brings this action against the Highland County Child Support Enforcment Agency (CSEA) for unlawful taking of $28,000 *(PLUS) from Plaintiff's personal funds, causing significant financial and emotional harm.

## JURISDICTION STATEMENT

2. Plaintiff, respectfully submits that the Highland County Court of Common Pleas has jurisdiction over this matter pursuant to Article IV, section 4 (B) of the Ohio Constitution, which vests courts of common pleas with original jurisdiction over all justiciable matters not otherwise exclusively assigned to another court. This includes jurisdiction over civil actions involving county and state agencies.

3. The complaint arises from actions taken by the Highland County Child Support Enforcment Agency (CSEA), a county administrative body operating under the authority of the Ohio Department of Job and Family services, and located within Highland County. Because the events giving rise to this complaint occurred in Highland County and involved a county agency, venue is proper in this court pursuant to Ohio civ. R. 3 (B)

4. Moreover, to the extent that the complaint involves claims of administrative error, statutory violations, or constitutional concerns arising from CSEA's conduct ,such matters fall within the jurisdiction of this court to review agency action and provide appropriate relief.

## FACTUAL ALLEGATIONS

5. On or about  [07-02-2007] [until Current] defendant wrongfully seized or caused to be seized 28,000 and Counting to a sum over $41,896.34 from Plaintiffs [Bank accounts,wages , tax returns etc.]

6. Plaintiff was not provided with adequate notice, opportunity for a hearing, or a Lawful explanation for the seizure.

7.despite repeated requests for Clarification and correction, Defendant has failed or refused to return the funds.

8. As a direct and proximate result of Defendant's conduct , Plaintiff has suffered hardship, emotional distress, and reputational damage.

9. CLAIM 1: DEPRIVATION OF RIGHTS UNDER COLOR OF LAW
 (42 U.S.C. * 1983-Fourteenth Amendment Due process Violation)

10. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

11. At all relevant times , Defendant acted under color of law through its officers,agents ,and employees.

12. Defendant without lawful jurisdiction or due process of law, caused the wrongful seizure , and or retention of 28,000 belonging to the plaintiff.

13. Plaintiff was not provided with a notice, a fair opportunity to contest the seizure,or access to a hearing as required under the Due Process Clause of the Forthteenth Admendment to the United States Constitution.

14. As a direct and proximate result of Defendants actions, Plaintiff was deprived of property and fundamental rights secured by the Constitution.

15. Defendant's conduct was intentional, reckless, or grossly negligent,and reflects a pattern of disregard for citizens' constitutional rights.

16. Plaintiff is entitled to relief pursuant to 42 U.S.C *1983, including compensatory damages, and attorney fees ( if represented ) $200,000

---

CLAIM 2: VIOLATION OF DUE PROCESS RIGHTS (42 U.S.C *1983 or the ohio Constitution)

17. Defendant acting under color of state law, deprived Plaintiff of property without due process in violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution (and/or Section 16, Article I of the Ohio Constitution).

18. Plaintiff is entitled to compensatory damages for this violation. $200,000

---

CLAIM 3: CONVERSION

19. Defendant intentionally exercised control over Plaintiff's funds in a manner inconsistent with Plaintiff's ownership rights.

20. Defendants actions constitute conversion under color of law.

21. Plaintiff is entitled to all monetary payments seized $41,896.34 plus interest.

---

CLAIM 3: GROSS NEGLIGENCE OR WILLFUL MISCONDUCT

22. DEfendant's conduct in wrongfully taking and withholding plaintiff's funds without cause constitutes gross negligence or willful misconduct.

23. Such conduct warrants an award of punitive damages to deter similar conduct in the future.

---

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this court:

    A. Award compensatory damages in the amount of $ 41,896.34 or as proven at trial;

    B. Award punitive damages as determined by the court jury;

    C. Award pre-and post-judgment interest;

    D.Award reasonable attorneys' fees and cost (If applicable);

    E. Grant such other and further relief as the court deems just and proper.


Respectfully submitted,

Derrick L. Beverly
110 kunz ave
Middletown ,ohio 45044
(937)-725-4487
dbeverly26@hotmail.com

Pro se Plaintiff

# IN THE COURT OF COMMON PLEAS

_____ **DIVISION**

_Highland_ **COUNTY, OHIO**

IN THE MATTER OF:

_____

A Minor

_Derrick L. Beverly_

Name

_1103 Kunz Ave_

Street Address

_Middletown, OHIO 45044_

City, State and Zip Code

Case No. _____

Judge _____

Magistrate _____

Plaintiff/Petitioner 1

vs./and

_Highland County Chid support enforcement agency (CSEA)_

Name

_1575 N High St, Suite #100_

Street Address

_Hillsboro, OHIO 45133 - 9442_

City, State and Zip Code

Defendant/Petitioner 2/Respondent

---

**WARNING: This form is not a substitute for the benefit of the advice of legal counsel. It is highly recommended that you consult an attorney.**

**Instructions:** This form is used when you want to request documents to be served on the other party. You must indicate the requested method of service by marking the appropriate box. The Court may require additional forms to accompany this document. You must check the requirements of the county in which you file. **YOU MUST UPDATE THE CLERK OF COURTS IF ANY OF THE ABOVE CONTACT INFORMATION CHANGES.**

---

## REQUEST FOR SERVICE

TO THE CLERK OF COURT:

Please serve the following documents: (_check all that apply_)

☐ Complaint for Divorce with Children

**Supreme Court of Ohio**
**Uniform Domestic Relations Form 31**
**Uniform Juvenile Form 10**
**REQUEST FOR SERVICE**
**Approved under Ohio Civil Rule 84 and Ohio Juvenile Rule 46**
**Amended: September 21, 2020**

☐ Complaint for Divorce without Children
☐ Complaint for Parentage, Allocation of Parental Rights and Responsibilities
☐ Petition for Dissolution
☐ Motion and Affidavit or Counter Affidavit for Temporary Orders
☐ Motion for Change of Parental Rights and Responsibilities (Custody)
☐ Motion for Change of Parenting Time (Companionship and Visitation)
☐ Motion for Change of Child Support, Medical Support, Tax Exemption, or Other Child-Related Expenses
☐ Motion for Contempt and Affidavit
☐ Separation Agreement
☐ Parenting Plan
☐ Shared Parenting Plan
☐ Affidavit of Income and Expenses
☐ Affidavit of Property
☐ Parenting Proceeding Affidavit
☐ Health Insurance Affidavit
☐ Explanation of Health Care Bills
☐ Agreed Judgment Entry
☑ Other: (specify) _Civil complaint request for Service of Summons_

Please serve the following parties with the above marked documents:

☐ Defendant/Petitioner 2/Respondent at

_____(address) by:
☐ Certified Mail, Return Receipt Requested
☐ Issuance to Sheriff of _____ County, Ohio for ☐ Personal or ☐ Residence service
☐ Other: (specify) _____

☑ Plaintiff/Petitioner 1 at
_____Derrick L. Beverly_____(address) by:
☑ Certified Mail, Return Receipt Requested
☐ Issuance to Sheriff of _____ County, Ohio for ☐ Personal or ☐ Residence service
☐ Other: (specify) _____

☑ _____Highland_____ County Child Support Enforcement Agency at
_1575 N High St, Suite #100 Hillsboro ohio. 45133-9442_ (address) by:
☐ Certified Mail, Return Receipt Requested
☑ Issuance to Sheriff of _Highland_ County, Ohio for ☐ Personal or ☐ Residence service
☐ Other: (specify) _____

**Supreme Court of Ohio**
**Uniform Domestic Relations Form 31**
**Uniform Juvenile Form 10**
**REQUEST FOR SERVICE**
**Approved under Ohio Civil Rule 84 and Ohio Juvenile Rule 46**
**Amended: September 21, 2020**                    Page 2 of 3

☐ Other _____ at
_____ (address) by:

☐ Certified Mail, Return Receipt Requested
☐ Issuance to Sheriff of _____ County, Ohio for ☐ Personal or ☐ Residence service
☐ Other: (*specify*) _____

SPECIAL INSTRUCTIONS TO SHERIFF:

_____
_____
_____

*Derrick L. Beverly*
Attorney or Self Represented Party Signature

*Derrick L. Beverly*
Printed Name

*1103 Kunz ave*
Address

*Middletown, Ohio 45044*
City, State, Zip

*(937) 725-4487 - (937) 919-4879*
Phone Number

_____
Fax Number

*dbeverly26@Hotmail.com*
E-mail

_____
Supreme Court Reg No. (if any)

**Supreme Court of Ohio**
**Uniform Domestic Relations Form 31**
**Uniform Juvenile Form 10**
**REQUEST FOR SERVICE**
**Approved under Ohio Civil Rule 84 and Ohio Juvenile Rule 46**
**Amended: September 21, 2020**

Page 3 of 3



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners: Valerie A. Lemmie, Chair | Lori Barreras | William Patmon, III | Charlie Winburn
Executive Director Angela Phelps-White

November 21, 2024

*Date Mailed:* November 25, 2024

Derrick Beverly
1103 KUNZ AVE
MIDDLETOWN, OH 45044

CLINTON COUNTY JOB AND FAMILY
SERVICES
1025 S SOUTH ST #200
WILMINGTON, OH 45177

## LETTER OF DETERMINATION
Derrick Beverly v. Clinton County Job And Family Services
DAYG6(010049)10072024

### FINDINGS OF FACT:
Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission alleging
Respondent engaged in an unlawful discriminatory practice. All jurisdictional requirements for filing a
charge have **NOT** been met.

The Commission does not have jurisdiction over child support determinations made by Clinton County
Job and Family Services.

### DECISION:
The Ohio Civil Rights Commission determines that there is **NO JURISDICTION** under Ohio Revised
Code Chapter 4112. The Commission hereby orders that this matter be **DISMISSED**.

### NOTICE OF RIGHT TO REQUEST RECONSIDERATION:
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of this
determination of the Commission. The application must be in writing and state specifically the grounds
upon which it is based. If you wish to appear before the Commissioners to present oral arguments
supporting your request, you must specifically make a request to appear in writing.

This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad
Street, 5th Floor, Columbus, Ohio 43215. You must submit the request for reconsideration, along with all
additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this
notice. Any application for reconsideration or additional materials received by the Compliance
Department in the Commission's Columbus Central Office after the ten-day period has expired will be
deemed untimely filed. Extensions of this ten-day filing period are not permitted.

Derrick Beverly V. Clinton County Job And Family Services
DAYG6(010049)10072024
Page 2

## NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW:

A determination of the Commission that constitutes a Final Order is subject to judicial review, wherein the court reviews the contents of this letter and determines if there are sufficient factual findings supporting why the Commission did not issue a complaint. A petition for judicial review must be filed in the proper common pleas court within **THIRTY (30) days** of the date the Commission mailed this Final Order. The right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code § 4112.06.

The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.

FOR THE COMMISSION,

*Monica Moore*

Monica Moore
Regional Director
Monica.Moore@civ.ohio.gov

OHIO DEPT. OF JOB AND FAMILY SERVICES
BUREAU OF STATE HEARINGS
P.O. BOX 182825
COLUMBUS, OHIO 43218-2825

000015   DERRICK BEVERLY
1103 KUNZ AVE
MIDDLETOWN OH 45044-5705



## Ohio Department of Job and Family Services
## Bureau of State Hearings

### State Hearing Request Denial Notice

SH242971AX0000152010G

| In the matter of: | Derrick Beverly | | |
| County: | Butler | | Case Number:  7116956892 - SETS |

| Appeal | Program | OB Person | |
| 3915272 | IV-D | | |

| Request Date: | 10/09/2024 |
| Mail Date: | 10/24/2024 |

Your state hearing is denied because:

The issue of your request is not appealable to the Bureau of State Hearings, pursuant to 5101:6-5-03 of the Ohio Administrative Code. This means, we do not have the legal authority to hear your case.

Notice to Appellant

This is the official decision of your state hearing. It informs you of the decision and order in your case. Papers and materials introduced at the hearing, known as "exhibits," make up the hearing record. The hearing record is maintained by the Ohio Department of Job and Family Services. If you would like a copy of the official record, please call the ODJFS hotline at 1-866-635-3748.

Important Notice: If you disagree with this decision, you, or your authorized representative, may request an administrative appeal about this notice. Contact us using one of the following methods:
  Email - bsh@jfs.ohio.gov. In the subject, put "Administrative Appeal Request".
  Fax - (614) 728-9574
  Mail - ODJFS Bureau of State Hearings, P.O. Box 182825, Columbus, Ohio 43218-2825.

Your administrative appeal request should include a copy of this notice and the reason you think it is wrong. Your written request must be received by the Bureau of State Hearings within 15 calendar days from the mailing date of this notice. (If the 15th day falls on a weekend or holiday, this deadline is extended to the next work day.)

Unless you request an administrative appeal, this notice is a final and binding decision about your state hearing request. Any fair hearing benefits you receive will end. This may also mean the local agency can go ahead with the action it was planning to take. Additionally, you may have to pay back the continuing benefits you received as part of the state hearing process.

You can ask your local Legal Aid program for free help with your case. Contact your local Legal Aid office by phoning 1-866-LAW-OHIO (1-866-529-6446) or by searching the Legal Aid directory at https://www.ohiolegalhelp.org/find-your-legal-aid on the internet.

This notice was sent to the following:

CLINTON CSEA

DERRICK BEVERLY



.    .

Derrick L. Beverly
1103 kunz ave
Middletown, Ohio 45044

Highland county CSEA
1575 N High st, suite 100
HIllsboro, Ohio 45133-9442

      I Derrick L. Beverly object to the decision made by adam j King the administrative
hearing officer for the highland county CSEA.
    I Derrick L. Beverly have invoked all my rights and retain them.
I continue to challenge the personal jurisdiction  the CSEA suggest it has over me.
I Derrick L. Beverly object to all findings and wish for this matter to be heard by a court under
the (motions to challenge jurisdiction) and the (motion to set aside)

It is my belief and information that this child support order and demand for payment is a rush to
judgment into a default judgment and both are a violation to my constitutionally protected rights
Please validate this claim signed by a man or woman under penalty of perjury.

 I Derrick L. Beverly validate this legal notice.
                        March 28,2025

 

**HIGHLAND COUNTY**
**JOB & FAMILY SERVICES**
Child Support Enforcement Agency
Public Children Services Agency

03/07/2025

Derrick Beverly
1103 Kunz Ave.
Middletown, OH 45044

SETS: 7061340076
Order: 06PA36168

Dear Mr. Beverly,

Thank you for your correspondence to the agency. It is deepest apologies that you feel your rights have been violated, "aggravated identity theft" or inappropriate debt. I would like to take the time to walk you through the steps of this case to hopefully ease your mind. An application for services was received in September 2006. Genetic testing was conducted with the mother and child on 10/10/2006 and genetic testing was conducted on you on 10/20/2006. The genetic test results were received by Highland County CSEA where an Administrative Order Establishing Paternity was filed 11/22/2006 and was mailed to all parties. I have attached the genetic testing results as well as the administrative order for your recordkeeping. You attended a support establishment hearing on 01/23/2007 and signed a copy of the support order, which is also enclosed. Please use the genetic test result, Administrative Order Establishing Paternity and the child support order to substantiate your reservations. If you dispute these findings, you can file privately in court. This matter cannot be disputed administratively.

Pertaining to the credit reporting matter – your case was found in "default" on 03/02/2007 and while you have a decent pay history, unfortunately you were never able to get out of default by paying your arrears in full. Per Ohio Revised Code Section 3121.01 "Default" means any failure to pay under a support order that is an amount greater than or equal to the amount of support payable under the support order for one month. When an obligor (person ordered to pay support) is found in default, the default is required to report on credit.

I believe I have covered all your concerns and questions with this letter. Should you have any additional legal issues, you can file privately in court where you can provide these verifications to your attorney. We understand your concerns; however, please be advised that we are fully compliant with an Administrative Support Order and are proceeding in accordance with its terms.

Respectfully,

**Shira Smith**
Highland Co. CSEA Administrator

HIGHLAND COUNTY CHILD SUPPORT ENFORCEMENT AGENCY **FILED**

1575 N HIGH ST, SUITE 100  HILLSBORO, OH 45133-9442  (937) 393-4278  (800) 391-9631

**NOV 2 2 2006**

## CSEA ADMINISTRATIVE ORDER
## ESTABLISHMENT OF PATERNITY
(Genetic Testing, Ohio Revised Code section 3111.46)

**Highland County Child Support
Enforcement Agency**

Case Number: 7061340076

Date: 11/17/2006

Administrative Case No.: 06-PA-36-168

| Name of (alleged) Father: | Address: | | Social Security Number: |
|---|---|---|---|
| DERRICK L. BEVERLY | Address: | BOOTH HOUSE<br>624 S MAIN ST<br>DAYTON, OH 45402 | SSN: |
| Name of Mother: | Address: | 240 CEDARWOOD DR          40 | SSN: |
| KAYLA M. CARRINGTON | | HILLSBORO, OH 45133 | |
| Name of Child: | Address: | 240 CEDARWOOD DR          40 | |
| QWINTON R. WEST | | HILLSBORO, OH 45133 | |
| Sex: X Male   Female | Date of Birth: 08/05/2006 | | |

The results of the genetic testing performed upon the child, the mother, and the alleged father indicate that there is a probability of NINETY-NINE AND NINETY-NINE HUNDREDTH(S) percent (99.99 %) that the above-named man is the father of the minor child. A copy of the results is attached hereto and incorporated by reference herein. Pursuant to Ohio Revised Code section 3111.46, the Administrative Officer therefore finds that the man is the natural father of the child born 08/05/2006 to the mother.

It is therefore ordered that a father and child relationship exists between the man and the child named above.

You are hereby notified that either the mother or the father or the guardian or legal custodian of the child may object to this administrative determination of the existence of the parent and child relationship by bringing an action pursuant to sections 3111.01 to 3111.18 of the Revised Code in the juvenile court or other court with jurisdiction in the county which the CSEA that employs the Administrative Officer is located within thirty (30) days of the date of this administrative order. If neither the mother, the father, nor the guardian or legal custodian of the child brings an action within the thirty (30) day period, this administrative order is final and enforceable by a court and may not be challenged in an action or proceeding under Chapter 3111. of the Revised Code. If a court action is requested, a copy of the request shall be presented to the CSEA. Indigent persons may petition the court for appointed counsel.

Pursuant to Ohio Revised Code section 3109.042, unless a court order is issued, the mother is the sole residential parent and legal custodian of the child. However, the natural father has the right to petition a court for an order granting him reasonable visitation and to petition the court for custody of the child. The mother and father will stand equal before the court for these determinations.

_____
Administrative Officer

HIGHLAND     County CSEA

11/17/2006
Date

Distributed to:
CSEA
Mother
Father
CTA/CTR, if applicable

JFS 07774 (REV. 06/2006)

Page 1 of 1



**R E L I A G E N E**
TECHNOLOGIES, INC.

# Parentage Test Results
### Case 200438
HIGHLAND, OH, 7061340076

| | | | | |
|---|---|---|---|---|
| Tested Man: | DERRICK BEVERLY | (B) | 06-10085 | 10/20/06 |
| Mother: | KAYLA CARRINGTON | (C) | 06-10083 | 10/10/06 |
| Child: | QWINTON WEST | | 06-10084 | 10/10/06 |

SUMMARY OF FINDINGS: DERRICK BEVERLY is NOT EXCLUDED as the biological father of QWINTON WEST.

Combined Paternity Index = 10252
Probability of paternity = 99.990%  (50% prior probability)

TEST                    OBSERVED PHENOTYPES

| | Mother | Child | Tested Man | Paternity Index |
|---|---|---|---|---|
| D16S539 | 9, 11 | 11, 12 | 10, 12 | 2.67 |
| D18S51 | 12, 13 | 13, 18 | 13, 18 | 4.50 |
| D19S433 | 13, 15 | 13 | 11, 13 | 1.69 |
| D21S11 | 28, 32.2 | 29, 32.2 | 29, 30 | 2.30 |
| D2S1338 | 20, 24 | 19, 20 | 19, 21 | 3.62 |
| D3S1358 | 17, 18 | 16, 17 | 16, 17 | 1.44 |
| D8S1179 | 10, 11 | 10, 13 | 11, 13 | 2.42 |
| FGA | 19, 24 | 20, 24 | 20, 21 | 8.33 |
| TH01 | 6, 7 | 6, 7 | 7, 9.3 | 0.91 |
| vWA | 15, 16 | 15 | 15, 17 | 2.28 |

**Conclusion:**

**The alleged father, DERRICK BEVERLY, is not excluded as the biological father of the child, QWINTON WEST. Based on the genetic test results obtained by DNA analysis, the probability of paternity is 99.990% as compared to an untested, unrelated random person of the Black population.**

This is to certify that all the biological samples were drawn and forwarded to Reliagene Technologies, Inc., as stated in the attached Chain of Custody Documentation. Reliagene Technologies, Inc. is accredited by the Parentage Testing Committee of the American Association of Blood Banks. The conclusions are correct to the best of my knowledge. In calculating the PI value, where applicable, the mutation frequency is taken into consideration.

Sudhir K. Sinha, Ph.D., Lab Director
Anthony Carter, Ph.D., Asst. Director
Megan D. Shaffer, Ph.D., Asst. Director
Euy Kyun Shin, Ph.D., Asst. Director

Date: 11/C/06

5525 Mounes Street, Suite 101, New Orleans, Louisiana, 70123
Phone 800-256-4106 or 800-PATERNITY (728-3764) or 504-734-9700
Fax 800-256-4556 or 504-734-9787 * www.reliagene.com

## AFFIDAVIT OF PATERNITY TESTING RESULTS

STATE OF LOUISIANA, PARISH OF JEFFERSON
RELIAGENE CASE #     **2006-200438**
PARISH/COUNTY:  **HIGHLAND, OH**
CHILD SUPPORT CASE NO.:  **7061340076**


I, Anthony B. Carter, having been duly sworn under oath state the following:

1. ReliaGene Technologies, Inc. was requested to perform paternity tests on the following individuals for the purpose of reasonably proving or disproving the probability of the Defendant's paternity of the child(ren) set forth below:

       Mother:  **KAYLA CARRINGTON**

        Child:  **QWINTON WEST**

  Alleged Father:  **DERRICK BEVERLY**


2. My full name is: Anthony Bronson Carter.

3. I am qualified as an examiner of inherited characteristics included but not limited to those found in blood and tissue samples and to administer the test.

4. My address is: ReliaGene Technologies, Inc., 5525 Mounes Street, Suite 101, New Orleans, LA 70123. My telephone number is: (504) 734-9700 or 1-800-PATERNITY.

5. My qualifications are as follows, to wit:
   - Highest Degree: Ph.D. in Biological Sciences
   - Present Position: Assistant Director of Paternity at ReliaGene Technologies, Inc.

6. My education is as follows, to wit:
   - B.S. Degree 1997, Major-Information Systems
   - Ph.D. Degree 2005, Major-Biological Sciences

7. My experience is as follows, to wit:
   - Over 5 years of laboratory and research experience in Human Molecular Genetics
   - Assistant Director of Paternity at ReliaGene Technologies, Inc.
   - Author of scientific research papers and abstracts
   - Laboratory Assessor for the American Association of Blood Banks

8. Identification of individuals:  The tested individuals were identified when the samples were collected, as follows, to wit: By photograph, fingerprint, and/or identification card. See attached Identification/Chain of Custody document(s).

9. Who Collected Test Samples: See attached Identification/Chain of Custody Client Identification document(s).

10. How Test Samples Were Collected: Test samples were collected as follows, to wit: see attached Identification/Chain of Custody document(s).

11. When Test Samples Were Collected: Test samples were collected on the following date(s) and time(s), to wit: See attached Identification/Chain of Custody document(s).

12. Where Test Samples Were Collected: Test samples were collected at the following location(s), to wit: See attached Identification/Chain of Custody document(s).

13. The chain of custody of the test samples from the time collected until the tests were completed is as follows, to wit: See attached Identification/Chain of Custody document(s), which is signed by the individual collecting samples, as well as the individual packing and sealing the samples. The samples were delivered to the laboratory. The specimen container was examined for integrity. The Identification/Chain of Custody document(s) was(were) signed by the person opening the samples in the laboratory. There was no evidence of tampering during transit and, once received by the laboratory, the samples were then at all times in the care and custody of ReliaGene Technologies in an electronically secured facility under my direct supervision. Furthermore, the Chain of Custody documentation was made at or near the time of sample collection and was made in the course of regularly conducted business activity.

14. The results of the tests are follows, to wit: See attached laboratory report. Furthermore, the report containing the results of the initial testing has been prepared under my direct supervision.

15. If the tested man could not be excluded, the defendant's probability of paternity of the child(ren), as calculated by an expert based on the test results, is as follows, to wit: See attached laboratory report.

16. The procedure performed to obtain the test results are as follows, to wit: ReliaGene Technologies, Inc. performs paternity determinations by DNA analysis in accordance with medically accepted procedures as defined by the Standards of the American Association of Blood Banks and the conclusions are correct as reported. The testing fees have been previously agreed upon by the client. The test result is being sent to the appropriate party(ies).

ReliaGene Technologies, Inc. is accredited by the Parentage Testing Committe of the American Association of Blood Banks and by the New York State Department of Health (CLIA # 19D0665242, PFI # 1978).

Signature
Anthony B. Carter, Ph.D.
Assistant Director of Paternity

Sworn to and subscribed before me
this 8th day of Nov. , 20

Brenda M. Folse
Commission is for life

OFFICIAL SEAL
BRENDA M. FOLSE
NOTARY PULBIC, No. 81123
STATE OF LOUISIANA

My commission Expires at death.

HIGHLAND COUNTY CHILD SUPPORT ENFORCEMENT AGENCY

.1575 N HIGH ST, SUITE 100  HILLSBORO, OH 45133-9442 (937) 393-4278 (800) 391-9631

JFS 07719

Page 1 of 5

## County Child Support Enforcement Agency

Case Number: 7061340076

Order Number: 06PA36168

Date of Issuance:  01/23/2007

KAYLA M. CARRINGTON                          VS.          DERRICK L. BEVERLY

Obligee/Custodial Parent                                  Obligor/Non-Custodial Parent

240 CEDARWOOD DR                                         BOOTH HOUSE

Address                                                  Address

                                                         624 S MAIN ST

HILLSBORO, OH 45133          **FILED**                   DAYTON, OH 45402

City       State      Zip   JAN 2 3 2007                City       State      Zip

Social Security Number Highland County Child Support   Social Security Number
                        Enforcement Agency

BASIS OF DUTY OF SUPPORT:

___ Acknowledgement of Paternity Affidavit filed with the Central Paternity Registry.

___ Presumption of Paternity pursuant to section 3111.03 of the Revised Code.

_X_ By an Administrative Paternity Determination by the ____HIGHLAND____ County CSEA.

___ By a Court Determination of Paternity.

Wherefore the obligor is the parent of and duty of support has been established for the following child(ren) named below:

| Name of Children (First/Middle/Last) | Date of Birth (Month/Day/Year) |
|---|---|
| QWINTON R. ~~Beverly~~ Carrington *(handwritten)* | 08/05/2006 |

Wherefore it is hereby ordered that:

"All child support ordered by this administrative support order shall be withheld or deducted from the income or assets of the obligor under the order in accordance with section 3121.02 of the Ohio Revised Code and shall be forwarded to the obligee under the order in accordance with section 3121.02 to 3121.71 of the Ohio Revised Code.The specific withholding or deduction requirements to be used to collect the support shall be sent forth and determined by reference to the notices that are sent out by the Child Support Enforcement Agency in accordance with section 3121.03 of the Ohio Revised Code and shall be determined without the need for any amendment to the administrative support order. Those notices,plus the notices provided by the agency that require the person who is required to pay the support to notify the child support enforcement agency of any change in his/her employment status or of any other change in the status of his assets, are final and are enforceable by the court." The administrative support order

JFS 07719 (Rev.11/2001)

(Formerly DHS 7719)

shall also include a withholding order for wages or income if the noncustodial parent is employed and may include one or more of the following types of administrative withholding orders. Each withholding order shall be for the current support and any arrearage required under the administrative support order."

Wherefore it is hereby ordered that:

__X__ The obligor shall pay the sum of $ 189.54        per month for current support effective 02/01/2007. *(Guidelines Worksheet Attached)*

____ This order modifies or amends the previous administrative order issued                    . The obligor shall pay a total payment of $193.33        which includes 2.00 % processing charge to be paid through the Child Support Payment Central at the address listed on the last page of this order, and that the obligor shall make payments by certified check or money order until such time as said amounts are withheld by a withholding order issued, if applicable.

Pursuant to Revised Code Section 3121.28, regardless of the frequency or amount of support payments to be made under the order, the CSEA is required to administer the order on a monthly basis.

For the purposes of monthly administration of the order with support payments that are to be made other than on a monthly basis, the CSEA calculates a monthly amount due in the following manner:
(A) If the support order is to be paid weekly, multiply the weekly amount of support due under the order by fifty-two and divide the resulting annual amount by twelve;

(B) If the support order is to be paid biweekly, multiply the biweekly amount of support due under the order by twenty-six and divide the resulting amount by twelve;

(C) If the support order is to be paid periodically but is not to paid weekly, biweekly, or monthly, multiply the periodic amount of support due by an appropriate number to obtain the annual amount of support due under the order and divide the annual amount of support by twelve.

If payments are to be made other than on a monthly basis, the required monthly administration of the order shall not effect the frequency or the amount of the support payments to be made under the order.

Wherefore it is hereby ordered that:

▉ Obligor shall secure and maintain medical insurance for the above named child(ren).
___ Obligee shall secure and maintain medical insurance for the above named child(ren).
✗ Both the obligor and obligee shall secure and maintain medical insurance for the above named child(ren).

MEDICAL INSURANCE COVERAGE
Notice to the Obligor
(Person ordered to pay support)

The obligor, if ordered to obtain health insurance coverage, shall comply with all of the following:
1. The obligor shall obtain health insurance coverage for the child(ren) who are the subject of the child support order, if that insurance is available at a reasonable cost through a group health insurance plan offered by the obligor's employer or other group health insurance plan available to the Obligor.

2.  The obligor shall, no later than thirty (30) days of the issuance of this order, furnish written proof to the CSEA that the health insurance has been obtained, if available at a reasonable cost through a group health insurance plan, or

3.  The obligor shall submit a copy of the administrative order to the insurer at the time of application for coverage, and shall, no later that thiry(30) days after the issuance of the order furnish written proof to the CSEA that application for coverage of the minor child has been made.

4.  The obligor shall provide the obligee with copies of any insurance forms necessary to receive reimbursement, payment or other benefits under the health insurance coverage, and shall provide to the obligee all available information regarding the benefits, limitations, and exclusions contained in the health insurance coverage.

5.  The obligor shall supply the obligee with a copy of any necessary insurance cards.

6.  The obligor shall designate the child(ren) who are the subject of any child support order as covered dependents on any health insurance plan contracted.

7.  The obligor shall notify the insurer of the name, address, and telephone number of the individual who is to be reimbursed for out-of-pocket medical, optical, hospital, dental, or prescription expenses paid for each child.

8.  The obligor is hereby notified that the insurer may continue to make payment for medical, optical, hospital, dental, or prescription services directly to any health care provider in accordance with the applicable health insurance or health care policy, contract or claim.

9.  The obligor shall be responsible for co-payment or deductible costs.

10. The obligor shall, when no health insurance is available to obligor or obligee, share the cost of the liability of the health care needs of the child(ren).

11. The obligor shall, when health insurance becomes available at a reasonable cost through obligor's employer or a plan available to the obligor, immediately notify the CSEA.

12. Should the obligor fail to comply with any provisions of ORC 3119.30, the obligor shall be liable to the obligee for any medical expenses incurred as a result of said failure to comply.

Medical Insurance Coverage
Notice to the Obligee
(Person Awarded Child Support)

The obligee, if ordered to obtain health insurance coverage, shall comply with all of the following:

1.  The obligee shall obtain health insurance coverage for the child(ren) who are the subject of the child support order, if that insurance is available at a reasonable cost through a group health insurance plan offered by the obligee's employer or other group health insurance plan available to the obligee.

2.  The obligee shall, no later than thirty (30) days of the issuance of this order, furnish written proof to the CSEA that the health insurance has been obtained,if available at a reasonable cost through a group health insurance plan, or

JFS 07719 (Rev.11/2001)
(Formerly DHS 07719)

3.   The obligee shall submit a copy of the administrative order to the insurer at the time of application for coverage, and shall, no later than thirty (30) days after the issuance of the order furnish written proof to the CSEA that application for coverage of the minor child(ren) has been made.

4.   The obligee shall provide the obligor with copies of any insurance forms necessary to receive reimbursement, payment or other benefits under the health insurance coverage, and shall provide to the obligor all available information regarding the benefits, limitations, and exclusions contained in the health insurance coverage.

5.   The obligee shall supply the obligor with a copy of any neccessary insurance cards.

6.   The obligee shall designate the child(ren) who are the subject of any child support order as covered dependents on any health insurance plan contracted.

7.   The obligee shall notify the insurer of the name, address, and telephone number of the individual who is to be reimbursed for out-of-pocket medical, optical, hospital, dental or prescription expenses paid for each child.

8.   The obligee is hereby notified that the insurer may  continue to make payment for medical, optical, hospital, dental, or prescription services directly to any  health care provider in accordance with the applicable health insurance or health    care policy, contract or claim.

9.   The obligee shall be responsible for co-payment or deductible costs.

10.  The obligee shall, when no health insurance is available to obligee or obligor, share the cost of the liability of the health care needs of the child(ren).

11.  The obligee shall, when health insurance becomes available at a reasonable cost through obligee's employer or a plan available to the obligee, immediately notify the CSEA.

12.  Should the obligee fail to comply with any provisions of ORC 3119.30, the obligee shall be liable to the obligor for any medical expenses incurred as a result of said failure to comply.

     Notice to the Obligor and Obligee :

     Either party may object to this administrative support order by bringing an action under section 2151.231 of the Ohio Revised Code no later than thirty (30) days after the issuance date of this order.  If neither the mother nor the father brings an action in the juvenile court within the thirty-day period, this administrative order is final and may be modified only in accordance with section 3119.60 or section 3121.02 to 3123.17 of the Ohio Revised Code.

_____     _____
Administrative Officer                 Date

_____

    HIGHLAND     County Child Support Enforcement Agency

I certify that I have read and understand completely the foregoing orders and
acknowledge receipt of a copy of this order.

_____     _____
Obligee(party awarded support)         Date

_____     _____
Obligor(party ordered to pay support)  Date


    Please remit to :         Ohio Child Support Payment Central
                             P.O.Box 182394
                             Columbus, OH 43218

JFS 07768
Page 1 of 5

# OHIO GUIDELINES CALCULATION
## SOLE/SHARED PARENTING
### DATE: 01/23/2007

**FILED**

Name of parties   CPM 01 CARRINGTON   KAYLA   M

APF 02 BEVERLY   DERRICK   L

JAN 2 3 2007

Case No. 7061340076

Highland County Child Support Enforcement Agency

Number of minor children 01. The following parent was designated as the residential parent and legal custodian (disregard if shared parenting order):

CARRINGTON   KAYLA   M mother, _____ father.

| | Column I Father | Column II Mother | Column III Combined |
|---|---|---|---|
| **INCOME** | | | |
| 1a. Annual gross income from employment or, when determined appropriate by the court or agency, average annual gross income from employment over a reasonable period of years. (exclude overtime,bonuses,self-employment income, or commissions) | 10300.00 | 14700.00 | |
| 1b. Amount of overtime, bonuses, and commissions (year 1 representing the most recent year) | | | |
| Yr. 3 (Three years ago) | 0.00 | 0.00 | |
| Yr. 2 (Two years ago) | 0.00 | 0.00 | |
| Yr. 1 (Last calendar year) | 0.00 | 0.00 | |
| Average: | * 0.00 | * 0.00 | |
| (Include in Col.I and/or Col.II the average of the three years or the year 1 amount, whichever is less, if there exists a reasonable expectation that the total earnings from overtime and/or bonuses during the current calendar year will meet or exceed the amount that is the lower of the average of the three years or the year 1 amount. If, however, there exists a reasonable expectation that the total earnings from overtime/bonuses during the current calendar year will be less than the lower of the average of the three years or the year 1 amount, include only the amount reasonably expected to be earned this year.) | 0.00 | 0.00 | |
| 2. For self-employment income: | | | |
| 2a. Gross receipts from business | 0.00 | 0.00 | |
| 2b. Ordinary and necessary business expenses | 0.00 | 0.00 | |
| 2c. 5.6% of adjusted gross income or the actual marginal difference between the actual rate paid by the self-employed individual and the F.I.C.A rate. | 0.00 | 0.00 | |
| 2d. Adjusted gross income from self-employment (subtract the sum of 2b and 2c from 2a) | 0.00 | 0.00 | |

JFS 07768  (Rev. 12/2001)

JFS 07768
Page 2 of 5

### OHIO GUIDELINES CALCULATION
### SOLE/SHARED PARENTING
### DATE:01/23/2007

Case No. 7061340076

|  |  | Column I<br>Father | Column II<br>Mother | Column III<br>Combined |
|---|---|---|---|---|
| 3. | Annual income from interest and dividends<br>(whether or not taxable) | 0.00 | 0.00 | |
| 4. | Annual income from unemployment compensation | 0.00 | 0.00 | |
| 5. | Annual income from workers' compensation,<br>disability insurance benefits, or social<br>security disability/retirement benefits | 0.00 | 0.00 | |
| 6. | Other annual income (identify):<br>. | 0.00 | 0.00 | |
| 7. | Total annual gross income<br>(add lines 1a, 1b, 2d and 3-6) | 10300.00 | 14700.00 | |

ADJUSTMENTS TO INCOME:

| | | | | |
|---|---|---|---|---|
| 8a. | Adjustment for minor children born to or<br>adopted by either parent and another parent<br>who are living with this parent; adjustment<br>does not apply to step children.(number of<br>children times federal income tax exemption). | 0.00 | 0.00 | |
| 8b. | Support received for other children | 0.00 | 0.00 | |
| 8c. | Adjustment for other minor children<br>(subtract line 8b. from 8a. If line 8b.is<br>greater than line 8a., line 8c. equals zero). | 0.00 | 0.00 | |
| 9. | Annual court-ordered support paid for other<br>children | 600.00 | 0.00 | |
| 10. | Annual court-ordered spousal support paid to<br>any spouse or former spouse | 0.00 | 0.00 | |
| 11. | Amount of local income taxes actually paid<br>or estimated to be paid | 231.75 | 367.50 | |
| 12. | Mandatory work-related deductions such as union<br>dues,uniform fees,etc.(not including taxes,<br>social security,or retirement) | 0.00 | 0.00 | |
| 13. | Total gross income adjustments(add lines 8c-12) | 831.75 | 367.50 | |
| 14. | Adjusted annual gross income<br>(subtract line 13 from line 7) | 9468.25 | 14332.50 | |
| 15. | Combined annual income that is basis for child<br>support order(add line 14, Col. I and Col. II) | | | 23800.75 |
| 16.<br>16a.<br>16b. | Percentage of parent's income to total income<br>Father(divide line 14 Col.I by line 15 Col.III)<br>Mother(divide line 14 Col.II by line 15 Col.III) | 0.3978 | 0.6022 | |

JFS 07768  (Rev. 12/2001)

JFS 07768
Page 3 of 5

### OHIO GUIDELINES CALCULATION
### SOLE/SHARED PARENTING
### DATE: 01/23/2007

Case No. 7061340076

| | | Column I<br>Father | Column II<br>Mother | Column III<br>Combined |
|---|---|---|---|---|
| 17. | Basic combined child support obligation (refer to schedule, first Column, locate the amount nearest to the amount on line 15, Col. III, then refer to Col. for number of children in this family. If the income of the parents is more than one sum but less than another, you may calculate the difference.) | | | 4438.45 |
| 18.<br>18a. | Annual support obligation per parent<br>Father(multiply line 17, Col.III by line 16a, Col. I) | 1765.62 | | |
| 18b. | Mother(multiply line 17, Col,III by line 16b, Col. II) | | 2672.83 | |
| 19a. | Annual Child Care Expense | 0.00 | 1968.00 | |
| 19b. | Tax Credit(-) | 0.00 | 688.80 | |
| 19c. | Net Child Care Expense (subtract line 19b from line 19a If line 19b is greater than line 19a, line 19c will equal $0.00). | 0.00 | 1279.20 | |
| 20. | Marginal, out-of-pocket costs, necessary to provide for health insurance for the children who are the subject of this order. | 0.00 | 0.00 | |
| 21.<br>21a.<br><br>21b. | ADJUSTMENTS TO CHILD SUPPORT(+)<br>Father: Line 19c Col.II and Line 20 Col.II multiply by Line 16 Col.I.<br>Mother: Line 19c Col.I and Line 20 Col.I multiply by Line 16 Col.II. | a. 508.87 | b. 0.00 | |
| 21.<br>21c.<br><br>21d. | ADJUSTMENTS TO CHILD SUPPORT(-)<br>Father: Line 19c Col.I and Line 20 Col.I multiply by Line 16 Col.II.<br>Mother: Line 19c Col.II and Line 20 Col.II multiply by Line 16 Col.I. | c. 0.00 | d. 508.87 | |
| 22.<br>22a.<br><br>22b. | OBLIGATION AFTER ADJUSTMENTS TO CHILD SUPPORT:<br>Father; Line 18a plus or minus the difference between 21a minus 21c<br>Mother; Line 18b plus or minus the difference between 21b minus 21d | a. 2274.49 | b. 2163.96 | |
| 23a. | ACTUAL ANNUAL OBLIGATION (same as line 22a and 22b) | 2274.49 | 2163.96 | |

JFS 07768 (Rev. 12/2001)

# OHIO GUIDELINES CALCULATION
## SOLE/SHARED PARENTING
### DATE: 01/23/2007

Case No. 7061340076

|  | Column I<br>Father | Column II<br>Mother | Column III<br>Combined |
|---|---|---|---|
| 23b. Non-Means tested income (non-means-tested benefits,including social security and veterans' benefits,paid to and received by a child or a person on behalf of the child due to death, disability, or retirement of the parent.) | 0.00 | 0.00 | |
| 23c. Actual Annual Obligation (subtract line 23a from line 23b) | 2274.49 | 2163.96 | |
| 24a. Deviation from sole residential parent support amount shown on line 23c if amount would be unjust or inappropriate:(see section 3119.23 of Revised Code.)(Specific facts and monetary value must be stated.) | 0.00 | 0.00 | |

_____

_____

_____

_____

| | | | |
|---|---|---|---|
| 24b. Deviation from shared parenting order: (see sections 3119.23 and 3119.24 of Revised Code.) (Specific facts including amount of time children spend with each parent,ability of each parent to maintain adequate housing for children, and each parent's expenses for children must be stated to justify deviation.) | 0.00 | 0.00 | |

_____

_____

_____

_____

| | | | |
|---|---|---|---|
| 25. FINAL FIGURE (this amount reflects final annual child support obligation; line 23C plus or minus any amounts indicated in line 24a or 24b) | 2274.49 | 2163.96 | |

JFS 07768
Page 5 of 5

### OHIO GUIDELINES CALCULATION
### SOLE/SHARED PARENTING
### DATE: 01/23/2007

Case No. 7061340076

|  | Column I<br>Father | Column II<br>Mother | Column III<br>Combined |
|---|---|---|---|
| 26. Support for Month For Decree with Processing Fee. (Divide Obligor's annual share, line 25 by 12) plus any processing charge | 193.33 | 183.94 | |

Prepared by:
Counsel: _____         Pro se: _____
(For mother/father)

CSEA: _____           Other: _____

Worksheet Has Been Reviewed and Agreed To:

_____                 __1/23/07__
Mother                                  Date

_____                 __1/23/07__
Father                                  Date

HIGHLAND
1575 N HIGH ST, SUITE 100
HILLSBORO, OH 45133-9442

Toll Free Number:    1-800-391-9631
Fax Number:          (937) 393-3299
County Website:      highlandjfs.org

017634
DERRICK L BEVERLY
1103 KUNZ AVE
MIDDLETOWN, OH 45044-5705

Case Number:    7061340076
Order Number:   06PA36168

Date:                      January 3, 2025
Child Support Obligor:     DERRICK L BEVERLY
Child Support Obligee:     KAYLA CARRINGTON

### Ohio Department of Job and Family Services
### NOTICE OF RIGHT TO REQUEST ADMINISTRATIVE REVIEW OF
### CHILD AND MEDICAL SUPPORT ORDER



This notice is to advise you of your right to request an Administrative Review of your child support and medical support order and, if appropriate, adjust the child support order to be consistent with the Ohio Child Support Guidelines set forth in Chapter 3119 of the Ohio Revised Code and the medical support order to be consistent with section 3119.30 of the Ohio Revised Code.

You may request an administrative review 36 months after the most recent support order was established or modified. You may request an administrative review earlier than 36 months if you can **provide proof** that you meet one of the criteria listed below.

1.  A parent of the order is unemployed or laid off for thirty consecutive days or longer through no fault of their own and the unemployment or layoff is expected to continue.

2.  A parent has become unemployed due to a plant closing or mass layoff.

3.  A parent has become permanently disabled.

4.  My child support order was for a reduced or minimum amount based on the obligor being unemployed or underemployed and the obligor is now employed or more gainfully employed.

5.  A parent has experienced a thirty per cent decrease, which is beyond the party's control, or a thirty per cent increase in gross income or income-producing assets for a period of at least six months which can reasonably be expected to continue for an extended period of time.

6.  A parent is institutionalized and cannot pay support during the child's minority.

7.  A parent is incarcerated and will be for more than 180 calendar days.

8.  The order is not in compliance with the child support guidelines due to the termination or redirection of support for a child of the existing order.

9.  The children by the same parents in two or more administrative child support orders and you want to combine the orders into a single administrative child support order.

10. A parent has experienced an increase or decrease in the cost of child care or ordered health care coverage and you believe the increase or decrease will result in a greater than 10% increase or decrease to the support order.

11. A party wants to access available or improved health care coverage for the child.

12. The health care coverage that is currently ordered is no longer available at a reasonable cost and/or accessible.

13. The obligor's annual gross income is now below 150% of the federal poverty level.

14. The obligor and a member of the uniformed services and have been called to active military service for a period of more than thirty days or a temporary support order adjustment had been issued and the term of active military service has ended.

If you wish to request an administrative review, please contact the CSEA at the number listed above.

## Ohio Department of Job and Family Services
## EXPLANATION OF STATE HEARING PROCEDURES

### What is a State Hearing?

If you think there has been a mistake or delay on your case, you may want to ask for a state hearing. You can ask for a hearing about actions by either the state department of job and family services or the local agency. Local agencies include the County Department of Job and Family Services (CDJFS), the County Child Support Enforcement Agency (CSEA), and agencies under contract with them.

A state hearing is a meeting with you, someone from the local agency, and a hearing officer from the Ohio Department of Job and Family Services (ODJFS). The person from the local agency will explain the action it has taken or wants to take on your case. Then, you will have a chance to tell why you think the action is wrong. The hearing officer will listen to you and to the local agency, and may ask questions to help bring out all the facts. The hearing officer will review the facts presented at the hearing and recommend a decision based on whether or not the rules were correctly applied in your case.



### How to Ask for a Hearing

To ask for a hearing, call or write your local agency or write to the Ohio Department of Job and Family Services, Bureau of State Hearings, PO Box 182825, Columbus, Ohio 43218-2825. If you receive a notice denying, reducing or stopping your assistance or services, you will receive a state hearing request form. Fill out the request form and mail it to State Hearings. You may also fax your hearing request to State Hearings at (614) 728-9574.

We must receive your hearing request within 90 days of the mailing date of the notice of action. However, if you receive food assistance, you may request a hearing on the amount of your food assistance at any time during your certification period.

If someone else makes a written request for you, it must include a written statement, signed by you, telling us that person is your representative. Only you can make a request by telephone.

### How to Request a Telephone Hearing

If you cannot attend the hearing at the scheduled location as a result of not having transportation, child care, medical limitations, etc., you can call 1-866-635-3748 and choose to participate by telephone. If you participate by telephone, the hearing officer assigned to your appeal will call you on the day of your hearing at the scheduled time for your hearing at the telephone number you provide.

### Continuing Assistance or Services

If you receive a notice that your assistance or services will be reduced, stopped, or restricted, you must request a state hearing within 15 days of receiving that notice in order to continue receiving your benefits until your hearing decision is issued.

In the food assistance program, your benefits will not continue if you were denied or if the certification period has expired. After the certification period, you must reapply and be found eligible.

If your assistance or services have been changed without written notice, or if the change was made even though you requested a timely hearing, you can call the Bureau of State Hearings, to inquire if you should receive continuing benefits. Call us, toll free at the following number: 1-866-635-3748, and choose option number one from the automated voice menu.

If your assistance is continuing and you lose the hearing, you may have to pay back any benefits that you were not eligible to receive.

The continuing assistance provisions described in this section do not apply to the child support program. If you request a hearing about child support services, your hearing request will have no effect on your receipt of services while your hearing is pending.

### County Conference

An informal meeting with a person from the local agency may settle the issue without the need for a state hearing.

Often this is the quickest way to solve a problem. At this meeting your case will be reviewed with you. If a mistake has been made, it can be corrected without the need for a state hearing. You can set up a county conference by asking your county worker. If you are not satisfied with the results, you can still have a state hearing.

You do not have to have a county conference to have a state hearing. Asking for a county conference will not delay your state hearing.

### When Will the Hearing be Held?

After your request for a hearing is received, the Bureau of State Hearings will send you a scheduling notice giving the date, time, and place of the hearing. This notice will be sent to you at least 10 days before the hearing. The notice will also tell you what to do if you cannot come to the hearing as scheduled.

### Where are Hearings Held?

Hearings are usually held at the local agency. If you are unable to go there, the hearing may be held some other place that is convenient to you and to the other people involved. If you want the hearing held somewhere other than the local agency, be sure to tell us that in your hearing request.

### Postponement of the Hearing

If you cannot come to the hearing as scheduled, or if you need more time to prepare, you can ask the hearings section for a postponement. In the food assistance program, postponement is limited to 30 days from the date of the first scheduled hearing. In all other programs, you must have a good reason to postpone the hearing.

## If You Do Not Attend the Hearing

The Bureau of State Hearings will send you a dismissal notice if you do not come to the hearing. If you want to continue with your hearing request, you must contact State Hearings within 10 days and explain why you did not come to the hearing along with any verification. Verifications are documents or papers that prove why you missed your scheduled hearing. Once you have submitted your good cause verification, the hearing authority will decide if the documentation you provide is sufficient. If you do not call within 10 days and show good cause or proof for missing the hearing, it will be dismissed and you will lose the hearing. The local agency can then go ahead with the action it was planning to take.

If you disagree with the dismissal, the dismissal notice will tell you how to ask for an administrative appeal.

## Before the Hearing

You may have someone (lawyer, welfare rights person, friend or relative) go to the hearing to present your case for you. If you are not going to be at the hearing, the person attending for you must bring a written statement from you saying he or she is your representative.

If you want legal help at the hearing, you must make arrangements before the hearing. Contact your local legal aid program to see if you qualify for free help.

If you do not know how to reach your local aid office, call 866-529-6446 (866-LAW-OHIO), toll-free, for the local number or search the Legal Aid directory at http://www.ohiolegalservices.org/programs. If you want notice of the hearing sent to your lawyer, you must give the Bureau of State Hearings your lawyer's name and address.

You and your representative have the right to look at your case file and the written rules being applied to your case. If your hearing is about work registration or employment and training, you may also look at your employment and training file. You can get a free copy of any case record documents that are related to your hearing request. Any person acting for you must provide a signed statement from you before looking at your case record or receiving copies of case record documents.

The local agency does not have to show you confidential records, such as names of people who have given information against you, records of criminal proceedings, and certain medical records.

Confidential records which you could not look at or question cannot be presented at the hearing or be used by the hearing officer in reaching a decision.

## Subpoena

You can ask the hearing authority to subpoena documents or witnesses that would not otherwise be available and are essential to your case. You must request the subpoena at least five calendar days before the date of the hearing and provide the name and the address of the person or document you want to subpoena.

## At the Hearing

You may bring witnesses, friends, relatives, or your lawyer to help you present your case. The hearing officer may limit the number of witnesses allowed in the hearing at any one time if there is not enough room. You and your representative will have the right to look at the evidence used at the hearing, present your side of the case without undue interference, ask questions, and bring papers or other evidence to support your case.

The hearing will be recorded by the hearing officer so that the facts are taken down correctly. After the hearing decision is issued, you can get a free copy of the recording by contacting the Bureau of State Hearings.

The hearing officer will listen to both sides but will not make a decision at the hearing. Instead, you will receive a written decision in the mail issued by the hearing authority.

## Group Hearings

The Bureau of State Hearings may combine several individual hearing requests into a single group hearing, but only if there is no disagreement about the facts of each case and all involve related issues of state or federal law or county policy. The notice to schedule your hearing will tell you if you are scheduled for a group hearing.

You and your representative will be allowed to present your own case individually and you will have the same rights at a group hearing as you would at an individual hearing.

## After the Hearing

You should receive a hearing decision within 60 days of your hearing request if the hearing was only about food assistance, and within 90 days for all other programs.

If you disagree with the hearing decision, your written decision will tell you how to ask for an administrative appeal.

## Compliance with the Hearing Decision

If the hearing decision orders an increase in your food assistance, you should get the increase about 10 days from the decision date. If the decision orders a decrease in your food assistance, you should get the new, smaller amount the next time you regularly get food assistance.

In all other programs, the agency must take the action ordered by the decision within 15 days of the date the decision is issued, but always within 90 days of your hearing request. Contact the Bureau of State Hearings if you have not promptly received the benefits awarded by the hearing decision.

## Another Action Requires Another Hearing

If you receive another prior notice that says the local agency wants to change your assistance or services while you are waiting for a hearing or hearing decision, you must ask for another hearing if you disagree with the new action. A separate hearing will be conducted on the new notice

Dear Child support enforcement agency of Clinton county Ohio / Highland county Ohio

It is my belief and information that this child support order and demand for payment is a rush to judgment into a default judgment and both are a violation of my constitutionally protected rights please validate this claim signed by a man or woman under penalty of perjury

In regard to administrative case number's
(7116956892)
(7046020900)
(7061340076)

Derrick Beverly

February 28,2025

KAREN S HOIT
Notary Public, State of Ohio
My Comm. Expires June 17, 2027

| Form **COL** | **Violation Warning**<br>**Denial of Rights Under Color of Law** |
|---|---|

▶ Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983

| Name and address of Citizen | Name and address of Notice Recipient |
|---|---|
| Derrick L. Beverly<br>1103 Kunz Ave<br>Middletown Ohio 45044 | Tracy L. Lovitt<br>1575 High St, Suit 100<br>Hillsboro, Ohio 45133 - 9442 |

Citizen's statement:

I am not a enemy of you or the State. I invoke my right to due process as well as all of my constitutional rights. I am a Natural Man and you have no jurisdiction over my Person You're Claim and demand for payment is my justification.

I certify that the forgoing information stated here is true and correct.

Citizen's signature *Derrick Beverly*

Date ▶ March 5. 2025

**Legal Notice and Warning**

**Federal law provides that it is a crime to violate the Constitutional Rights of a citizen under the Color of Law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to **coerce** or **deceive** a citizen to surrender his **Constitutional Rights** is a **Federal Crime**. Federal Courts have found that your ignorance of the law is no excuse.

**18 USC §242** provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both, and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

**18 USC §245** provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both, and if death results or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be subject to imprisonment for any term of years or for life or may be sentenced to death.

**42 USC §1983** provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages. Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek *personal* legal counsel if you do not understand the law.

Notice of Service:

I, *Derrick Beverly* _____ certify that I personally delivered this notice to above named recipient

and address on ____ March 5 2025 ____ at __ 10: AM __ (am/pm).

Public Domain—Privacy Form COL(02)

From: derrick beverly dbeverly26@hotmail.com
Subject: Re: Discrimination Complaint Case # 00002386 has been created.
thread::kzafMDrad-qZhz5xPXFHEHM::
Date: Nov 21, 2024 at 12:40:25 PM
To: Beatrice Sanchez beatrice.sanchez@jfs.ohio.gov

Thank you I'm still at work once I get home to my notes and computer I will send a detailed response outlining my prof to justify my claims against the CSEA of Clinton county
Sent from my iPhone

On Nov 21, 2024, at 10:44 AM, Beatrice Sanchez <beatrice.sanchez@jfs.ohio.gov> wrote:

Mr. Beverly,

Thank you for speaking with me today. Per our conversation, please provide me with the documentation that reflects that the reporting of arrears to credit reporting agencies is outside the scope of CSEA's authority by statute.

Respectfully,



**Department of Job & Family Services**

**Beatrice Sanchez**
**EEO Regional Program Administrator, Office of Employee and Business Services**
30 East Broad Street
Columbus, Ohio 43215
D: 614.387.8181
F: 614-752-6308

--------------- Original Message ---------------
From: Beatrice Sanchez [beatrice.sanchez@jfs.ohio.gov]
Sent: 11/21/2024, 10:41 AM

To: dbeverly26@hotmail.com
Subject: FW: RE: Discrimination Complaint Case # 00002386 has been created.
thread::kzafMDrad-qZhz5xPXFHEHM::

--------------- Forwarded Message ---------------
From: Beatrice Sanchez [beatrice.sanchez@jfs.ohio.gov]
Sent: 11/12/2024, 8:59 AM
To: dbeverly26@hotmail.com
Subject: RE: Discrimination Complaint Case # 00002386 has been created.
thread::kzafMDrad-qZhz5xPXFHEHM::

Good morning Mr. Beverly,

I am an Civil Rights Investigator with the Ohio Department of Job and Family
Services, Bureau of Civil Rights (BCR) office. My office is responsible for
investigating complaints of discrimination, harassment, and retaliation.

The responsibilities of the Ohio Department of Job and Family Services, BCR,
include oversight of all agencies and/or entities that receive funding from or
administer programs of the department. The purpose of this office is to ensure no
program participants civil rights are violated or services denied or delayed due to
a violation of federal or state laws.

I attempted to reach you at the number provided on your complaint form today
November 12, 2024. However, I was unable to reach you and did leave a message.
For me to complete a thorough investigation of the alleged charges of
discrimination you have lodged against Clinton County Child Support
Enforcement Agency, I will need to interview you. Please contact me no later than
November 19, 2024.

My office hours are Monday through Friday, 8:00 a.m. to 4:00 p.m. you contact
me at (614) 387-8181. If I don't hear back from you, your case may be closed.

Respectfully,

Beatrice Sanchez

--------------- Original Message ---------------
From: Civil Rights [civil_rights@jfs.ohio.gov]
Sent: 10/11/2024, 4:51 PM
To: dbeverly26@hotmail.com
Subject: Discrimination Complaint Case # 00002386 has been created.
thread::kzafMDrad-qZhz5xPXFHEHM::

Your Discrimination Complaint has been received by the Ohio Department of Job
and Family Services - Bureau of Civil Rights. Case # 00002386 will be assigned to
a Civil Rights Representative, who will follow up with you within 3 to 5 business
days regarding your Complaint.

If you have any questions in the meantime, please reply to this message or call us
at 614-644-2703 or 866-227-6353.

If you reply to this email, please do not change the words in the Subject Line.

Thank you,
Ohio Department of Job and Family Services - Bureau of Civil Rights

For program information, please visit: Ohio Department of Job & Family Services -
Civil Rights

**IN THE COURT OF COMMON PLEAS
HIGHLAND COUNTY JUVENILE COURT
105 N. HIGH STREET
HILLSBORO, OHIO 45133**



HIGHLAND COUNTY JUVENILE COURT
FILED

APR 07 2025

Kevin L Greer
JUVENILE JUDGE

CARRINGTON, KAYLA

**CASE NO.: 20254042**

Plaintiff

VS.

BEVERLY, DERRICK L

**ASSIGNMENT NOTICE**

Defendant

The above case is assigned for:

# HEARING ON OBJECTIONS TO ADMINISTRATIVE FINDINGS

before the Honorable Judge Kevin L. Greer, Juvenile Division, Common Pleas Court, at the Highland County Court House in Hillsboro, Ohio on **05/20/2025 at 11:00 AM**

CC: Court File

HIGHLAND CO PROSECUTOR
HIGHLAND CO CSEA

KAYLA CARRINGTON
DERRICK BEVERLY

**IN THAT YOU WILL BE APPEARING IN A COURT OF LAW PROPER ATTIRE IS REQUIRED. SHORTS, T-SHIRTS, MUSCLE SHIRTS, HALTER TOPS OR CLOTHING WITH INAPPROPRIATE WORDING WILL NOT BE PERMITTED. FAILURE TO APPEAR IN APPROPRIATE ATTIRE WILL RESULT IN A CONTINUANCE OF YOUR HEARING.**

Derrick.L Beverly      11/21/24

Case #00002386

Responding to my Discrimination complaint
Overseen by Beatrice Sanchez

My complaint of discrimination and retaliation is filed against the Clinton County Child support enforcement agency and is based on That agency's repeated violations to my constitutionally protected rights. As well as violations and neglect of following their own state codes and enforcement guidelines.

As stated in section ( 3121.03 under tile 31 ) Chapter 3121 withholdings and deductions for income or assets of obligors.

(A2) A court or agency that imposes an income withholdings requirements shall, within the applicable time specified in section (3119.80 ,3319.81 , 3121.035, 3123021, or 3123.06 of the revised code)send to the Obilgors payor by regular mail or via secure federally managed data transmission interface a notice that contains all of the information applicable to withholdings notices set forth in section 3121.037 of the revised code. The notice is final and enforceable by the court.

Another violation occurred under rule 5101:12-45-10 this is Ohios administrative code

Calculations of the support order obligations/ support order process

Part (3) The CSEA will indicate on the Jfs 07724, Administrative Adjustment recommendations (effective or revised effective date as identified in rule 5101:12-45-99 of the Administrative code) Whether the court-ordered deviation has been applied in accordance with paragraph (B) (2) of this rule.

(B)(2) in accordance with section (3119,63) of the revised code,when a court child support order is under review and contains a deviation granted under sections 3119.06,3119.22,3119.23,3119.231, or 3119.24 of the revised of the revised code will do one of the following

In part rule 5101:12-45-120.2 CSEA is responsible for income withholding and income deduction

Part (A) when the Child support enforcement agency (determines)that the obligor is receiving Income from a payor, The CSEA (Shall) issue a JFS 04047 income withholding for support effective (effective date as identified in rule 5101:12-50:99 of the administrative code) with in fifteen days of

(1) Issuing or modifying an administrative support order

(2) Receiving notice of change in the obligors source of income or the CSEA otherwise (determining) that there has been a change to the source of the obligor's income.

This is not my complete response, I have and will be bringing attention to other guildline violations.

As well as revised code violations. In addition to these complaints and violations I ask and thank you for you're patience while communicating with me. I know my story is different and at some points difficult to understand my hopes are to finally bring justice to the unlawful as well as the unfair discrimination, oppression and warfare, That throughout my history of dealing with The Clinton county CSEA. I have had to encounter and adjust to it is a abuse of my rights and mental health.



From: derrick beverly dbeverly26@hotmail.com
Subject: Re: Discrimination Charge Notification
Date: Nov 5, 2024 at 5:24:11 PM
To: Richard.Neil@civ.ohio.gov

Thank you.

Sent from my iPhone

On Nov 5, 2024, at 1:49 PM, Richard.Neil@civ.ohio.gov wrote:

Hello,

Attached, please find the Notification Letter and a copy of the Charge of Discrimination you filed with the Ohio Civil Rights Commission. Notification will be sent to the Respondent you named in the charge. Once we hear from the Respondent I will contact you for further information.

Please let me know if you have any questions. I can be contacted by email or phone. Have a great day!

Kind Regards,

## *Richard Neil*

Civil Rights Investigator
Ohio Civil Rights Commission
Dayton Regional Office
3055 Kettering Blvd, Suite 111
Dayton, Ohio 45439
937-285-6593 (Direct)
Richard.Neil@civ.ohio.gov

<Outlook-b15pqdfi.jpg>
<10049 - Derrick Beverly v Clinton County JFS - Charge.pdf>
<10049 - Derrick Beverly v Clinton County JFS - Notice CP.pdf>