IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Derrick L. Beverly, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:25-cv-402 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Highland County Child Support | : | Order Remanding Case |
| Enforcement Agency (CSEA), | : | |
| | : | |
| Defendant. | : | |

Pending before the Court are pro se Plaintiff Derrick L. Beverly's Motion to Remand and Magistrate Judge Stephanie K. Bowman's Report and Recommendation recommending that this case be remanded to the Common Pleas Court for Highland County, Ohio. (Docs. 3, 13.) Beverly then changed his position and filed an Objection to the Report and Recommendation. (Doc. 14.) Because the remand of a removed case is not discretionary when the district court lacks subject matter jurisdiction, the Court will **OVERRULE** the Objection, **ADOPT** the Report and Recommendation, and **GRANT** the Motion to Remand.[1]

I.    PROCEDURAL POSTURE

Beverly filed a Complaint against Defendant Highland County Child Support Enforcement Agency ("CSEA") in the Common Pleas Court for Highland County, Ohio on May 28, 2025. (Doc. 2.) In the Complaint, Beverly asserted two claims for violations of his Constitutional due process rights pursuant to 42 U.S.C. § 1983 and two state law claims challenging actions taken by CSEA against him to enforce child support obligations. (*Id.*) Beverly alleged that CSEA wrongly seized from him $41,896.34 relating to his child support

---

[1] Beverly has filed a similar action against the Clinton County Child Support Enforcement Agency in Case No. 1:25-cv-404. The Magistrate Judge has also recommended remand to state court in that case.

obligations. (*Id.* at PageID 54–57.) Though it is not clearly explained in the Complaint, a review of the exhibits to the Complaint indicates that default judgment was taken against Beverly in regard to child support obligations on March 2, 2007. (*Id.* at PageID 65–66, 85.) More recently, Beverly again challenged the child-support obligation enforcement in the Juvenile Court Division of the Highland County Court of Common Pleas in *Carrington v. Beverly*, No. 20254042. (*Id.* at PageID 90.) After his claims were dismissed without merit in juvenile court, Beverly filed a Notice of Appeal in state court. *Carrington v. Beverly*, No. 25CA022, (Sept. 17, 2025 Ohio 4th Dist. Ct. App.).

In response to this federal Complaint, CSEA responded by removing this case to this District Court on June 16, 2025 and then filing its Answer denying liability. (Docs. 1, 6.) Beverly filed his Motion to Remand on June 23, 2025. (Doc. 3.) CSEA filed a Response in Opposition to the Motion to Remand. (Doc. 7.) Beverly did not file a reply brief in support of his Motion to Remand. Instead, Beverly filed a Motion for Leave to File an Amended Complaint. (Doc. 11.) In the proposed Amended Complaint, Beverly asserted that the Court would have jurisdiction over the action based on a re-stated 42 U.S.C. § 1983 due process claim. (Doc. 11-1 at PageID 155.)

On September 16, 2025, the Magistrate Judge issued her Report and Recommendation recommending that the Court remand this action to the Common Pleas Court for Highland County, Ohio. (Doc. 13.) The Magistrate Judge acknowledged the unusual circumstance that at the time of issuance of the Report and Recommendation both parties appeared to oppose remanding this case to Highland County. (*Id.* at PageID 170.) Nonetheless, she concluded that remand was required under 28 U.S.C. § 1447(c). (*Id.*) Only Beverly has filed an Objection to the Report and Recommendation. (Doc. 14.)

II.     STANDARD OF LAW ON A REPORT AND RECOMMENDATION

Title 28 U.S.C. § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them.  Parties then have fourteen days to make, file, and serve specific written objections to the report and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under a *de novo* standard.  *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).

III.    ANALYSIS

The Court must determine *de novo* whether the Magistrate Judge was correct to recommend remanding this case to Highland County Court of Common Pleas.  A defendant has the right to remove to a federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The removing defendant bears the burden of establishing the right to do so by a preponderance of the evidence.  *Gipe v. Medtronic, Inc.*, 416 F. Supp. 3d 687, 691 (W.D. Ky. 2019); *see also Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction.").  However, as the Magistrate Judge recognized, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Because removal raises significant federalism concerns, a district court must strictly construe its jurisdiction and resolve all doubts in favor of remand.  *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 676 (S.D. Ohio 2014); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941).  Further, "in a removed action, upon determination that a federal court

3

lacks jurisdiction, remand to state court is mandatory even if it appears that remand would be futile." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 496–497 (6th Cir.1999).

CSEA removed this action asserting that the Court had original subject matter jurisdiction because Beverly asserted that CSEA violated his Constitutional due process rights in the child-support enforcement proceedings. (Doc. 1 at PageID 1–2.) It is undoubtedly correct that district courts generally have subject matter jurisdiction under 28 U.S.C. § 1331 over claims asserting violations of Constitutional rights. Nonetheless, the Magistrate Judge recommended remanding this case because she concluded that the Court lacks subject matter jurisdiction on two related bases. First, "federal courts have no jurisdiction over domestic relations matters." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003). Second, the *Rooker-Feldman* doctrine precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The doctrine also prohibits district courts from exercising jurisdiction over interlocutory state court judgments, s*ee RLR Invs., LLC v. City of Pigeon Forge, Tenn.*, 4 F.4th 380, 396 (6th Cir. 2021), and claims that are "inextricably intertwined with issues decided in state court proceedings[,]" *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (internal quotation and citation omitted).

Beverly's claims are premised upon the alleged invalidity of his child support obligations, a domestic relations matter previously adjudicated in state court. In fact, Beverly readily acknowledges in his Motion to Remand that "resolution of this claim would require the Court to evaluate the propriety of support enforcement proceedings-a matter properly reserved to the state courts." (Doc. 3 at PageID 96.) The Magistrate Judge correctly determined that the Court lacks jurisdiction over the claims pursuant to the domestic relations exception to 28 U.S.C. § 1331 and the *Rooker-Feldman* doctrine. *See Danforth*, 76 F. App'x at 616–617 (barring a

4

plaintiff's claims that he was denied due process in state domestic relations litigation on both bases); *see also Rouse v. Nessel*, No. No. 21-1630, 2022 WL 13631916, at *2 (6th Cir. July 11, 2022) (concluding that a claim requiring a district court to reject Michigan child support orders was barred by *Rooker-Feldman*). Pursuant to 28 U.S.C. § 1447(c), this removed action must be remanded rather than dismissed for lack of subject matter jurisdiction.

IV. **CONCLUSION**

Beverly's Motion to Remand (Doc. 3) is **GRANTED**, Magistrate Judge Stephanie K. Bowman's Report and Recommendation (Doc.13) is **ADOPTED**, and Beverly's Objection (Doc. 14) is **OVERRULED**. The Court directs the Clerk of Court to **REMAND** this case to the Common Pleas Court for Highland County, Ohio.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge